UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KRISTINE LEE HARDWICK-LEWIS
*as Trustee of the KLH Revocable Living
Trust*,

      Plaintiff,

v.                                                   Case No: 8:25-cv-1305-MSS-NHA

JOHN C. HANRAHAN, et al.,

      Defendants.

_____

## ORDER

**THIS CAUSE** comes before the Court on consideration of Plaintiff's Motion for Relief from Order of Dismissal Pursuant to Fed. R. Civ. P. 60(b)(1), 60(b)(6), and for Leave to Cure Under Fed. R. Civ. P. 17(a)(3), (Dkt. 146), and Defendants' response in opposition to the motion.[1] (Dkt. 147) For the reasons explained below, Plaintiff's Motion is **DENIED**.

Plaintiff initiated this action on May 22, 2025, by bringing claims against 18 defendants stemming from foreclosure proceedings in Florida and Maryland. (Dkt. 1) Plaintiff generally alleged that Defendants, who were involved in the state court foreclosure proceedings, conspired to dispose of property belonging to the KLH

---

[1] The Response in Opposition was filed by Defendants John C. Hanrahan; Brock & Scott, PLLC; Brennan Ferguson; Arvest Bank; Arvest Mortgage; Kevin Sabin; Peter Boomer; John A. Answell, III; Greg Scott; and Thomas Brock.

Revocable Living Trust (the "Trust") without recognition of the Trust's ownership rights. (Dkt. 39) Each Defendant appearing in this action filed a motion to dismiss. (Dkts. 57, 59, 60, 69, 71, 118, 120) Several motions raised the issue of Plaintiff's inability to prosecute this action *pro se* on behalf of a trust. (Dkts. 57, 60, 69, 118)

On November 21, 2025, this Court entered an Order dismissing Plaintiff's Second Amended Complaint because Plaintiff cannot represent a trust *pro se*. (Dkt. 141) The Order advised Plaintiff that if she wished to proceed with the action, she must retain counsel and file a third amended complaint on or before December 19, 2025. The Order also advised Plaintiff that failure to timely file a third amended complaint would result in the closure of the action without further notice. (Id.) On January 5, 2026, after Plaintiff failed to retain counsel and file a third amended complaint (or request an extension of time to do so), the Court entered an Order closing the case. (Dkt. 143)

Now Plaintiff moves the Court for relief from judgment pursuant to Rule 60(b)(1) and Rule 60(b)(6).[2] Federal Rule of Civil Procedure 60(b) provides as follows:

> [T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

---

[2] An order dismissing a complaint with leave to amend within a specific time becomes a final judgment where a plaintiff fails to file an amended complaint (or request an extension of time) before the deadline imposed by the court. See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co., 953 F.3d 707, 719–20 (11th Cir. 2020).

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff asserts that the Court's acceptance of Plaintiff's filings reasonably led her to mistakenly believe that her capacity to proceed had been accepted or was not defective. She also asserts that the "abrupt" dismissal of her complaint constituted unfair surprise.

While Plaintiff may have initially been mistaken about her ability to prosecute this case *pro se*, she was advised on this issue when Defendants filed their motions to dismiss. (Dkts. 57, 60, 69, 118) Moreover, the Court provided her an opportunity to obtain counsel and file a new complaint. Absent from Plaintiff's motion is any articulation of mistake or unfair surprise occurring *after* the Court entered its Order. See Williams v. City of Miami Beach, No. 24-cv-24003, 2025 WL 870000, at *3 (S.D. Fla. Mar. 20, 2025) (declining to grant Rule 60(b)(1) because even if the court were to "accept that the Plaintiff initially made a 'mistake' of law within the meaning of the Rule, we clarified her service obligations well in advance of her deadline to comply").

3

In addition, while Plaintiff may have been subjectively surprised by the dismissal, she has not established "unfair surprise" for purposes of Rule 60(b)(1). See Beavers v. A.O. Smith Elec. Prods. Co., 265 F. App'x 772, 779 (11th Cir. 2008) (rejecting argument that *sua sponte* dismissal was unfair surprise under Rule 60(b)(1) and stating that the court would not "characterize the district court's correct application of settled law as an unfair surprise").[3] As set forth above, Plaintiff was put on notice of the issue with proceeding *pro se* as early as June 23, 2025. (Dkt. 57) Indeed, if the Court were to credit Plaintiff's argument, then any party with an adverse ruling would be able to seek relief on that basis.

Plaintiff also seeks relief from the judgment in order to proceed *pro se* in her individual capacity pursuant to Rule 17(a)(3).[4] Rule 17(a)(3) provides in relevant part that a court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). Plaintiff argues that the Court violated Rule 17 by first dismissing her Second Amended Complaint and only providing her an opportunity to cure *after* dismissal. Plaintiff's argument is misguided.

---

[3] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000).

[4] The Court construes this as an argument that the Court made a "mistake" under Rule 60(b)(1).

4

The Court did not dismiss Plaintiff's Second Amended Complaint because Plaintiff, as Trustee of the Trust, was not the real party in interest. The Court dismissed the Complaint because the Plaintiff cannot represent a trust *pro se* in federal court. Indeed, Plaintiff's claims are based on the allegation that the *Trust's* property rights were violated by the state court foreclosure proceedings.

Finally, Plaintiff moves for relief under Rule 60(b)(6)'s catchall provision. Rule 60(b)(6) motions must demonstrate "that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000). Rule 60(b)(6) relief is available only in "cases that do not fall into any of the other categories" in Rule 60(b)(1) through (5). United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cnty., 920 F.2d 788, 791 (11th Cir. 1991). The Eleventh Circuit "consistently has held that 60(b)(1) and (b)(6) are mutually exclusive," and "[t]herefore, a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)." Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1133 (11th Cir. 1986). Because Plaintiff's alleged mistake and unfair surprise are not a basis for relief under Rule 60(b)(1), the Court cannot use these grounds to allow Plaintiff relief under Rule 60(b)(6). See Grant v. Pottinger-Gibson, 725 F. App'x 772, 777 (11th Cir. 2018) (declining to award relief under Rule 60(b)(6) where the defendant alleged no other circumstances to warrant relief other than her mistake). Moreover, the Court notes that "'a good claim or defense' is a precondition

of Rule 60(b)(6) relief." <u>Buck v. Davis</u>, 580 U.S. 100, 126 (2017) (quoting 11 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2857 (3d. ed. 2012)). Plaintiff has not met this burden.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion for Relief from Order of Dismissal Pursuant to Fed. R. Civ. P. 60(b)(1), 60(b)(6), and for Leave to Cure Under Fed. R. Civ. P. 17(a)(3), (Dkt. 146), is **DENIED**. This case shall remain closed.

**DONE** and **ORDERED** in Tampa, Florida this 10th day of February 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party

6